**Marshall Meyers (020584)**
**WEISBERG & MEYERS, LLC**
**5025 North Central Ave., #602**
**Phoenix, AZ 85012**
**602 445 9819**
**866 565 1327 facsimile**
**mmeyers@AttorneysForConsumers.com**
**Attorney for Plaintiff**

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martin Garo, ) | Case No. |
| ) | |
| Plaintiff, ) | **COMPLAINT AND TRIAL BY JURY** |
| ) | **DEMAND** |
| vs. ) | |
| ) | |
| Gurstel, Staloch & Chargo, PA, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendant transacts business in this district.

## PARTIES

4.  Plaintiff, Martin Garo ("Plaintiff"), is a natural person who at all relevant times resided in the State of Arizona, County of Maricopa, and City of Gilbert.

5.  Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.  Defendant, Gurstel, Staloch & Chargo, PA ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7.  Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8.  Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9.  Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes and Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. Defendant attempted to collect two distinct debts from Plaintiff during 2009/2010.

12. Both debts are allegedly owed to Capital One Bank, but one debt (#329403) is smaller than the other (#349976).

13. Defendant contacted Plaintiff first by mail about debt # 349976, via a letter dated October 13, 2009.

14. Within 30 days of receipt of that letter, Plaintiff sent a letter to Defendant disputing the debt and requesting that Defendant cease all contacts.

15. Defendant then sent a letter to Plaintiff about debt #329403 in December, 2009.

16. Plaintiff disputed this debt in writing as well within the 30-day dispute period.

17. Defendant never validated either debt, but went on to file a lawsuit against Plaintiff for debt # 349976 (§ 1692g(b)).

18. Defendant contacted Plaintiff by phone on January 4, 2010.

19. As of January 4, 2010, Defendant had received a cease and desist order for debt # 349976 and debt # 329403.

20. Plaintiff is not certain which debt Defendant contacted him about on January 4, 2010, but does know said contact violated Plaintiff's cease and desist directive (§ 1692c(c)).

21. Defendant also misrepresented to Plaintiff, and others similarly situated, in a court filing that the prevailing party will be entitled to attorney fees under A.R.S. §12-

Complaint - 3

341.01 when the statute provides for a discretionary (may) award of attorney fees (§1692(e)(10)).

22. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

23. Plaintiff repeats and re-alleges each and every allegation contained above.

24. Defendant violated the FDCPA as detailed above by communicating with Plaintiff after having received a letter from Plaintiff with a request to cease and desist all collection contacts and/or a statement that Plaintiff refuses to pay the debts, and by using false and deceptive practices in connection with the collection of this debt, including misrepresenting the discretionary nature of §12-341.01.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 21st day of June, 2010

By: s/ Marshall Meyers
Marshall Meyers (020584)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
602 445 9819
866 565 1327 facsimile
mmeyers@AttorneysForConsumers.com
Attorney for Plaintiff